## WEST v. BRAKELOW STEAMSHIP COMPANY LIMITED.

As the evidence for the plaintiff was not sufficient to authorize a verdict in his favor, the court committed no error in granting a nonsuit.

Argued November 18, 1905.—Decided January 12, 1906.

Action for damages. Before Judge Norwood. City court of Savannah. February 23, 1905.

*Garrard & Meldrim,* for plaintiff.
*Robert L. Colding,* for defendant.

FISH, C. J. Henry West sued Brakelow Steamship Company Limited, for damages for personal injuries. The substance of the petition was: The defendant company, a foreign corporation, was, on November 25, 1902, the owner of the steamship Ramleh, which was, on that date, being loaded with rosin and lumber in the port of Savannah. For the purpose of stowing lumber in the ship the defendant company erected thereon a derrick, to which was suspended a "fall" or rope, which was old, worn, unsafe, and dangerous. While the lumber attached to such rope and supported thereby, for the purpose of being loaded in the vessel, was being carried onto the ship, the rope, by reason of its worn condition, broke and caused a piece of lumber to fall upon the plaintiff, who was engaged at the time, as a laborer, in loading the vessel, causing his injuries as set out in the petition. The plaintiff did not know of the unsafe and dangerous condition of the rope, and could not have known of it by the exercise of ordinary care. He relied upon the defendant company to furnish reasonably safe instrumentalities for the loading of the ship. It was the duty of the defendant to furnish a safe and sound rope, and it knew, or could have known by inspection, of the unsafe condition of the rope which broke. The answer denied the material allegations of the petition. On the trial, at the conclusion of the evidence submitted by the plaintiff, the court, on motion of defendant's counsel, granted a nonsuit, to which ruling the plaintiff excepted.

The evidence for the plaintiff tended to establish all the allegations of his petition, except as to the erection of the derrick upon the ship by the defendant, the furnishing by it of the rope the breaking of which caused the plaintiff's injury, and that it was the duty of the defendant to furnish the rope which was being used

in loading the vessel. There was no allegation that the plaintiff was employed to do the work in which he was engaged by the defendant, nor any allegation that the vessel was being loaded by the defendant itself, and the evidence did not show that such were the facts. The plaintiff testified that at the time he was injured he was employed by Churchill, a stevedore. Bryant, one of the plaintiff's witnesses, who was one of the laborers engaged in loading the ship, testified that the rope which broke "came out of the forecastle;" that he noticed the condition of the rope and called the attention of the boatswain of the vessel thereto, who looked at it and "said he guessed it would do all right." This witness also testified that the boatswain "is over the sailors," and that "the captain is first, and the first mate next, and the second mate next, and the boatswain next, when they have not got a third mate." Another witness for the plaintiff testified: "I know when you call for new rope it comes, to my remembrance. Generally call for it from the mate, I suppose; I hardly ever see the captain around on the deck. Q. They generally call on the mate and they get it? A. I suppose so."

In our opinion, there was no error in sustaining the motion for a nonsuit. From the evidence it appears that the plaintiff was not a servant of the defendant company, but was employed by the stevedore who was engaged in loading the ship, and who, apparently, was an independent contractor for this purpose. If the stevedore had taken a contract to load the vessel with the lumber and furnished the labor and necessary appliances for so doing, then it is clear that the owner of the vessel would not be liable to the plaintiff for the consequences of the negligence of such independent contractor. *Young* v. *Smith & Kelly Co.,* ante, 475, and citations. Whether this stevedore or the defendant company furnished the rope used for the purpose of loading the ship with the lumber does not appear. The mere fact that the rope in question came out of the forecastle of the ship did not show that the owner of the vessel undertook to furnish it as an appliance to be used in loading the ship; even if it belonged to the defendant, it might have been merely borrowed by the stevedore for this purpose. Nor did the mere supposition of a witness that when a new rope was needed, the mate was called on for it, amount to evidence that this rope was furnished by the defendant company for the purpose indicated. The same may be said with reference to the testimony that the attention

of the boatswain, who commanded the sailors, was called, by one of the laborers engaged in loading the vessel, to the condition of this rope, and that he looked at it and said he guessed it would do. In order for the defendant company to be made liable for the plaintiff's injuries, it was necessary for it to appear that it had control and supervision of the work of loading the vessel, or that it furnished the instrumentalities for loading the same, including the rope in question, and was negligent in the respect and manner alleged in the petition. The plaintiff failed to make out such a case, and the nonsuit was properly granted.

*Judgment on main bill affirmed; cross-bill dismissed. All the Justices concur.*